FILED
2014 AUG 11 PM 3: 41
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AUTO BODY SHOP ANTITRUST LITIGATION      MDL No. 2557

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in all actions move to centralize this litigation in the Southern District of Mississippi or, alternatively, the Eastern District of Louisiana. The litigation consists of five actions pending in five districts, as listed on Schedule A. Plaintiffs are principally individual collision repair shops in five states. They allege a conspiracy in the automobile insurance industry to suppress the reimbursement rates for automobile collision repairs, in violation of Section 1 of the Sherman Antitrust Act and various state laws. There are two potentially related actions – a putative nationwide class action in the Northern District of Illinois (*Crawford*) alleging a similar course of conduct by the top insurance carriers in the nation in violation of federal anti-racketeering laws, and an individual action in the Western District of Louisiana.[1]

I.

Collectively, there are over 80 insurers named as defendants in the actions, and their positions with respect to centralization vary significantly.[2] The Allstate companies support centralization in the

---

[*] Judge John G. Heyburn II, Judge Sarah S. Vance, and Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] The responding defendants are: Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Company, Allstate Vehicle and Property Insurance Company, Allstate Property and Casualty Insurance Company, Allstate Corporation, Allstate County Mutual Insurance Company, Allstate New Jersey Insurance, Allstate New Jersey Property and Casualty Insurance Company, Esurance Property & Casualty Insurance Company, and Encompass Indemnity Company (collectively, "Allstate"); Nationwide Mutual Insurance Company, Nationwide Assurance Company, Nationwide Insurance Company of Florida, and Nationwide Property and Casualty Insurance Company (collectively, "Nationwide"); 26 companies on the GEICO brief, including 21st Century Centennial Insurance Company, 21st Century North American Insurance Company, American Family Mutual Insurance, Bristol West Insurance Company, Direct General Insurance Company of Mississippi, Foremost Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, Hartford Accident and Indemnity (continued...)

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
SHERYL L. LOESCH, CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: _____
DEPUTY CLERK

-2-

Middle District of Florida and request inclusion of the *Crawford* putative class action. A group of 26 companies joining in the GEICO brief and four insurers in the Florida action support centralization in the Middle District of Florida, but oppose inclusion of *Crawford*. The Nationwide Insurance companies, 21 companies joining the State Farm brief, and various individually responding insurers oppose centralization, but alternatively propose the Middle District of Florida or the District of Utah. Plaintiff in *Crawford* opposes inclusion in the proposed MDL.

The primary arguments advanced against centralization are that the involvement of many non-overlapping defendants will give rise to substantial individualized discovery, state-specific issues will be prominent in each action, and informal coordination is preferable given the limited number of actions and involved counsel. We are not convinced that these considerations weigh strongly against centralization. This litigation involves allegations of a complex anticompetitive conspiracy among the nation's leading insurance carriers[3] and dozens of regional companies, as well as allegations that the databases of three third-party information services companies – ADP, CCC, and Mitchell – played

---

[2] (...continued)
Company, Hartford Casualty Insurance Company, Hartford Fire Insurance Company, Hartford Insurance Company of the Midwest, Hartford Property and Casualty Insurance Company, Hartford Underwriters Insurance Company, Mississippi Farm Bureau Casualty Insurance Co., Security National Insurance Company, Shelter General Insurance Company, Shelter Mutual Insurance Company, Travelers Indemnity Company, Travelers Property Casualty Insurance Company, Travelers Casualty Company of Connecticut, Travelers Indemnity Company of America, USAA Casualty Insurance Company, United Services Automobile Association, Zurich American Insurance Company, and Zurich American Insurance Company of Illinois; 21 companies on the State Farm brief, including State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company, State Farm General Insurance Company, Progressive American Insurance Company, Progressive Casualty Insurance Company, Progressive Classic Insurance Company, Progressive Direct Insurance Company, Progressive Gulf Insurance Company, Progressive Hawaii Insurance Company, Progressive Max Insurance Company, Erie Insurance Company, Erie Insurance Property & Casualty Company, Sentry Insurance A Mutual Company, Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Safeco Insurance Company Of America, Safeco Insurance Company Of Illinois, State Automobile Mutual Insurance Company, State Auto Property & Casualty Insurance Company, The Cincinnati Insurance Company, and Indiana Farmers Mutual Insurance Company; and individually responding insurers Tennessee Farmers Mutual Insurance Company, Western United Insurance Company, Farm Bureau Property & Casualty Insurance Company, Ocean Harbor Casualty Insurance Company, Infinity Auto Insurance Company, First Acceptance Insurance Company, Horace Mann Insurance Company, Florida Farm Bureau General Insurance Company, Florida Farm Bureau Casualty Insurance Company, Windhaven Insurance Company, Direct General Insurance Company, and Mercury Insurance Company of Florida.

[3] Allstate, GEICO, Progressive, State Farm, Liberty Mutual, Nationwide Insurance, and USAA allegedly are among the nation's top ten carriers of automobile insurance and are sued in four or more actions.

-3-

a substantial role in facilitating the alleged scheme. The Panel, in the past, has centralized antitrust cases involving allegations of concerted anticompetitive activity in the insurance market. *See, e.g., In re: Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373, 1375-76 (J.P.M.L. 2012). Transfer under Section 1407 does not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of additional facts or differing legal theories is not significant where, as here, the actions still arise from a common factual core. *See id.* Transfer under Section 1407 will offer the benefit of placing all related actions before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that common witnesses are not subjected to duplicative discovery demands.[4]

Additionally, the actions are pending in five districts, which will make voluntary coordination impracticable especially given the large number of involved defendants. In these circumstances, Section 1407 centralization will ensure streamlined resolution of this litigation to the overall benefit of the parties and the judiciary.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization of the actions on the motion in the Middle District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share common factual questions relating to the allegation of an industry-wide conspiracy spearheaded by State Farm to suppress the reimbursement rates applicable to automobile collision repair shops, including complex issues concerning the role of "direct repair programs" in furtherance of the alleged scheme.[5] Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent rulings on pretrial matters; and conserve the resources of the parties, their counsel and the judiciary.

Weighing all factors, we have selected the Middle District of Florida as the transferee district for this litigation. The overwhelming majority of responding defendants support this district as their first or second choice, and it is easily accessible for this nationwide litigation. Judge Gregory A. Presnell, to whom we assign this litigation, is an experienced transferee judge who already is familiar with the factual and legal issues raised by this litigation.

II.

Although several parties ask that we also determine now whether the Northern District of Illinois *Crawford* action should be included in this MDL, we decline to do so. The action was not included in the motion for centralization, and many parties have not had an opportunity to present their arguments to the Panel. The arguments concerning transfer of *Crawford* may be presented as

---

[4] Thus, we deny the request of defendant Farm Bureau Property & Casualty Insurance Company for simultaneous separation and remand of the claims against it to the District of Utah to be litigated on its own.

[5] In "direct repair programs," participating businesses allegedly agree to accept certain fixed rates in exchange for preferred provider status under which they obtain referrals of business.

-4-

an opposition to a conditional transfer order covering the action, if issued. *See* Panel Rule 7.1.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Middle District of Florida are transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable Gregory A. Presnell for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that the request of the Farm Bureau Property & Casualty Insurance Company for separation and remand of certain claims to the District of Utah is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Marjorie O. Rendell
Acting Chairman

Charles R. Breyer         Lewis A. Kaplan
R. David Proctor

IN RE: AUTO BODY SHOP ANTITRUST LITIGATION          MDL No. 2557

## SCHEDULE A

### Middle District of Florida

A & E AUTO BODY, INC., ET AL. v. 21ST CENTURY CENTENNIAL INSURANCE COMPANY, ET AL., C.A. No. 6:14-00310

### Southern District of Indiana

INDIANA AUTOBODY ASSOCIATION, INC., ET AL. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL., C.A. No. 1:14-00507

### Southern District of Mississippi

CAPITOL BODY SHOP, INC., ET AL. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL., C.A. No. 3:14-00012

### Western District of Tennessee

BREWER BODY SHOP, LLC, ET AL. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL., C.A. No. 2:14-02286

### District of Utah

ALPINE STRAIGHTENING SYSTEMS, ET AL. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL., C.A. No. 2:14-00261